[No. E061024. Fourth Dist., Div. Two. Sept. 30, 2015.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE EMERSON ISOM, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.A. and C.

**COUNSEL**

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MILLER, J.**—A jury found defendant and appellant Jesse Emerson Isom guilty of (1) two counts of burglary (Pen. Code, § 459)[1] and (2) one count of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Forgery (§ 470) is the crime underlying the burglary convictions (§ 459); defendant used an altered receipt when returning items for a cash refund at Walmart. Defendant admitted suffering (1) three prior convictions that resulted in prison terms (§ 667.5, subd. (b)) and (2) one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). The trial court sentenced defendant to prison for a term of four years.[2]

Defendant raises three issues on appeal. First, defendant contends Walmart's right to control its receipts is not a legal right protected by the forgery statute (§ 470); and therefore, defendant's burglary convictions must be reversed because defendant's actions did not damage any legal right. Second, defendant asserts there is a lack of substantial evidence to support the finding that he intended to defraud Walmart. Third, defendant contends the trial court erred in denying his motion for a new trial. We affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On June 26, 2013, Karla Santiago was working as an asset protection associate at Walmart, in the City of Murrieta. On that day, a customer service manager at Walmart called Santiago. The manager asked Santiago to review a surveillance video of defendant returning items with a fraudulent receipt. Defendant had been in the store the previous night (June 25) returning items, and was in the store again that day, June 26. The manager brought the fraudulent receipt to Santiago. The fraudulent receipt reflected it was issued by a Walmart in Bakersfield. Santiago contacted the Bakersfield store. The original Bakersfield receipt was sent to Santiago. The fraudulent receipt defendant used when returning items in Murrieta did not match the original Bakersfield receipt. The primary difference between the fraudulent receipt and the original Bakersfield receipt was that defendant had removed the coupon discounts from the fraudulent receipt. Santiago contacted the Murrieta Police Department.

City of Murrieta Police Officers Mikowski and Valle arrested defendant. At the time of defendant's arrest, he had various bulk items in a shopping cart,

---

[1] All subsequent statutory references will be to the Penal Code, unless otherwise indicated.

[2] The abstract of judgment reflects defendant's burglary conviction in count 2 is a violent felony. We note this may be an error.

such as Dr. Scholl's shoe inserts, as well as "multiple receipts." One of the receipts was from a Walmart in Visalia.

Defendant waived his *Miranda*[3] rights and spoke to Officer Mikowski. Defendant said he was unemployed, and "for the past couple months" he had been making purchases at Walmart with coupons and returning the items for their full value. Defendant would take the original receipt; cut off the subtotal and total, so as to remove the discounted price; then copy the receipt to his own receipt paper to make it appear as though the receipt had not been altered and that he had paid full price. Defendant used the altered receipts to obtain full price refunds.

Defendant told Officer Mikowski that, when defendant entered the Murrieta Walmart, "his intent was to return the items previously purchased at discount price and get full price back for them," using the altered receipt. Defendant explained that he believed the manufacturers of the purchased items would give Walmart the money for the coupon discount, i.e., the store would not lose money.

Walmart's general policy is to give full price refunds to people who return items purchased with coupons. For example, if a person bought a $5 bottle of water with a $1 coupon, so the person only paid $4, if the person returned the bottle of water with the receipt showing the discounted price, then Walmart would, as a matter of course, give the person the full $5 refund. Thus, if defendant had not altered the receipt to remove the coupon discounts, i.e., he used the original receipt, he would have received a full price refund.

## II.

## DISCUSSION

### A. *Intent to Defraud**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Substantial Evidence*

Defendant asserts there is a lack of substantial evidence to support the finding that he intended to defraud Walmart.

█ Burglary consists of an act, e.g., entering a store, "with intent to commit grand or petit larceny or any felony." (§ 459.) A person may be found

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602].
*See footnote, *ante,* page 1146.

guilty of burglary upon entering a store with the requisite intent, regardless of whether any felony is actually committed after entering the establishment. (*People v. Montoya* (1994) 7 Cal.4th 1027, 1041–1042 [31 Cal.Rptr.2d 128, 874 P.2d 903].) Forgery requires an intent to defraud. (§ 470, subd. (d).) "[D]efraud" means "to injure someone in their pecuniary or property rights." (*Lewis v. Superior Court* (1990) 217 Cal.App.3d 379, 394 [265 Cal.Rptr. 855].)

 Defendant admitted he entered Walmart with the intent to obtain a full price refund for items he purchased at a discount. Defendant used an altered receipt to accomplish this task. Thus, defendant intended to leave Walmart with a refund for more money than he had paid for the items, and an altered receipt was his means of accomplishing this task. The foregoing evidence provides substantial support for the finding that defendant entered Walmart with the intent to defraud—he intended to injure Walmart's pecuniary rights by taking more money than he had paid for the items.

 There are three items of evidence that one may think could cause problems with the finding of guilt in this case. We address the three items in turn. First, there is evidence reflecting Walmart could receive reimbursements for the coupons from the products' manufacturers, thus causing no loss to Walmart. A reimbursement is of no consequence. If it were, there would be no burglary when a burglar steals an item that is insured. Ultimately the victim does not suffer a pecuniary loss if an insurance company pays the full value for a stolen item. In this case it is a manufacturer, rather than an insurer, paying the difference between what defendant originally paid and the amount he was refunded, but the concept is the same—the fact that the victim is made whole does not mean a crime did not occur.

Second, there is evidence that defendant believed Walmart would be reimbursed by the manufacturer and therefore defendant thought he was not harming Walmart. If a person steals an item believing the victim is insured and will be fully reimbursed, that does not make the person any less guilty of theft.

 Third, there is evidence that, even without an altered receipt, defendant would have received a full price refund. A hypothetical that helps to illustrate this issue is as follows: If a person shoots another, with an intent to kill the other person, but the intended victim is already deceased at the time of being shot (unbeknownst to the shooter), of what crime is the shooter guilty? The shooter is guilty of attempted murder. (See *People v. Beardslee* (1991) 53 Cal.3d 68, 87 [279 Cal.Rptr. 276, 806 P.2d 1311] ["When a person commits an act based on a mistake of fact, his guilt or innocence is determined as if the facts were as he perceived them"].) In the instant case,

defendant thought he needed the altered receipt to obtain a full price refund; the fact that he did not need the altered receipt does not cause him to be innocent—defendant thought he needed the altered receipt, and the intent associated with that thought is what the Penal Code is seeking to deter (§ 459).

C. *Motion For New Trial**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III.

## DISPOSITION

The judgment is affirmed.

McKinster, Acting P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 16, 2015, S230356.

---

*See footnote, *ante*, page 1146.